| | |
|---|---|
| WEEMS INDUSTRIES, INC. d/b/a LEGACY MANUFACURING COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>MATTOON RURAL KING SUPPLY, INC.<br><br>    Defendant. | Case No. **1:15-cv-00036-LRR**<br><br>**COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff, Weems Industries, Inc. d/b/a Legacy Manufacturing Company, by and through its attorneys, and for its complaint against Defendant, Mattoon Rural King Supply, Inc., alleges as follows:

## PARTIES

1.   Plaintiff, Weems Industries, Inc., is a corporation organized and existing under the laws of the State of Iowa, with its principal place of business at 6281 North Gateway Drive, Marion, Iowa, 52302.  Weems Industries, Inc. has adopted and operates under the fictitious name Legacy Manufacturing Company.

2.   Upon information and belief, Defendant, Mattoon Rural King Supply, Inc., is a corporation organized and existing under the laws of the State of Illinois, with a principal place of business at 4216 DeWitt Avenue, Mattoon, Illinois, 61938.

## JURISDICTION AND VENUE

3.   This is an action for trademark infringement and unfair competition arising under sections 32(1) and 43(a) of the Lanham (Trademark) Act, 15 U.S.C. §§ 1114(a), 1125(a).

4. This Court has subject matter jurisdiction over the federal trademark infringement and unfair competition claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

5. This Court has supplemental jurisdiction over the subject matter of Plaintiff's state law claims under 28 U.S.C. § 1367(a), in that those claims are so related to the Plaintiff's federal claims that they form part of the same case or controversy.

6. This Court has personal jurisdiction over Defendant because it has contacts with and conducts business within the State of Iowa and this judicial district; Defendant purchased products bearing the protected marks from Plaintiff in this judicial district; Defendant received products bearing the protected marks from this judicial district; Defendant has caused infringing products to be sold in this judicial district; Defendant has actively solicited other retailers to sell the infringing products in this judicial district; the causes of action asserted in this Complaint arise out of Defendant's contacts with this judicial district; and Defendant has caused tortious injury to Plaintiff in this judicial district.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has contacts with and conducts business within the State of Iowa and this judicial district; Defendant purchased products bearing the protected marks from Plaintiff in this judicial district; Defendant received products bearing the protected marks from this judicial district; Defendant has caused infringing products to be sold in this judicial district; Defendant has actively solicited other retailers to sell the infringing products in this judicial district; the causes of action asserted in this Complaint arise out of Defendant's contacts with this judicial district; and Defendant has caused tortious injury to Plaintiff in this judicial district.

## FACTUAL ALLEGATIONS

8. Plaintiff is the manufacturer of chartreuse colored compressed air hoses, which is registered under the name "Flexzilla®."

9. Plaintiff has substantially exclusively and continuously used the chartreuse color as applied to the entire body of its compressed air hoses since early-2007.

10. On March 23, 2010, Plaintiff registered the color chartreuse (pantone 389C) as applied to the entire body of its compressed air hoses on the Supplemental Register, Registration No. 3,765,628.

11. Plaintiff promotes and markets the chartreuse color as a trademark, having termed the color "ZillaGreen™" and adopting the slogan, "If it's not ZillaGreen™, it's not Flexzilla®".

12. Plaintiff has invested substantial time, effort, and financial resources to develop, promote, and market its chartreuse color to the body of its compressed air hoses.

13. As a result of Plaintiff's efforts, the chartreuse color as applied to the entire body of its compressed air hoses has become an asset of substantial value as a symbol of Plaintiff, its quality products, and its goodwill.

14. The chartreuse colored compressed air hoses enjoy a high degree of consumer recognition and have become a distinctive nonfunctional mark for Plaintiff.

15. Beginning in May 2008 through August 2013, Defendant purchased Flexzilla® chartreuse colored compressed air hoses from Plaintiff.

16. During a tradeshow in 2014, Defendant informed Plaintiff that Defendant had found Plaintiff's source.

17. On information and belief, Defendant initially offered for sale an orange colored compressed air hose.

18. On information and belief, Defendant then began and continues to advertise, promote, and sell in interstate commerce a "Tool Shed Xtreme Flex Air Hose" that uses a chartreuse color for the entire body of the compressed air hose.

19. Defendant intentionally and willfully uses the chartreuse color for the entire body of its compressed air hoses in order to knock-off Plaintiff's trademark and to capitalize on the known quality of Plaintiff's products and Plaintiff's goodwill.

20. On or about January 16, 2015, Plaintiff sent a letter to Defendant informing it of its infringement on Plaintiff's valuable trademark rights and demanding it cease and desist using the chartreuse color for the entire body of its compressed air hoses.

21. As of the date of this Complaint, Defendant continues to use the chartreuse color for the entire body of its compressed air hoses.

22. Defendant's failure to comply with Plaintiff's demand demonstrates a deliberate intent to willfully infringe Plaintiff's rights in the chartreuse color for the entire body of its compressed air hoses and to continue wrongfully competing with Plaintiff.

## COUNT I
### Federal Trademark Infringement – Common Law

23. Plaintiff realleges and incorporates herein by this reference the allegations of all paragraphs set forth above as though fully set forth herein.

24. The chartreuse color for the entire body of Plaintiff's compressed air hoses are a distinctive nonfunctional mark that distinguishes Plaintiff's compressed air hoses from its competitors and identifies Plaintiff as the compressed air hoses' source.

25. Plaintiff has continuously and substantially exclusively used the chartreuse color for the entire body of its compressed air hoses, and as a result, the chartreuse color has been accepted and is recognized as symbolizing Plaintiff's product.

26. Defendant's use of the chartreuse color for the body of its compressed air hoses in commerce to advertise, promote, market and sell its compressed air hoses throughout the United States including Iowa, creates a likelihood of confusion, deception, or mistake among consumers as to the source and association between Plaintiff and Defendant.

27. Defendant is intentionally and willfully using Plaintiff's marks in an attempt to capitalize on the quality of Plaintiff's products and Plaintiff's goodwill.

28. Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with Plaintiff's trademarks, and injury to Plaintiff's business in lost revenue associated with sales or distribution of its chartreuse colored compressed air hoses.

29. The actions of Defendants, if not enjoined, will continue.

## COUNT II
**Federal Unfair Competition**

30. Plaintiff realleges and incorporates herein by this reference the allegations of all paragraphs set forth above as though fully set forth herein.

31. Defendant's use of the chartreuse color for the body of its compressed air hose in commerce to advertise, promote, market and sell its air hoses throughout the United States including Iowa, creates a likelihood of confusion, deception, or mistake among consumers as to the source and association between Plaintiff and Defendant.

32. Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with Plaintiff's trademarks, and injury to Plaintiff's business in lost revenue associated with sales or distribution of its chartreuse colored compressed air hoses.

33. By using the chartreuse color for the body of its compressed air hose, Defendant is intentionally and willfully using Plaintiff's marks in an attempt to capitalize on the quality of Plaintiff's products and Plaintiff's goodwill.

## COUNT III
### Federal Trademark Infringement – Supplemental Register

34. Plaintiff realleges and incorporates herein by this reference the allegations of all paragraphs set forth above as though fully set forth herein.

35. Plaintiff registered the color chartreuse (pantone 389C) as applied to the entire body of its compressed air hoses on the Supplemental Register, Registration No. 3,765,628.

36. The chartreuse color for the entire body of Plaintiff's compressed air hoses are a distinctive nonfunctional mark that distinguishes Plaintiff's compressed air hoses from its competitors and identifies Plaintiff as the compressed air hoses' source.

37. Plaintiff has continuously and substantially exclusively used the chartreuse color for the entire body of its compressed air hoses, and as a result, the chartreuse color has been accepted and is recognized as symbolizing Plaintiff's product.

38. Defendant's use of the chartreuse color for the body of its compressed air hoses in commerce to advertise, promote, market and sell its compressed air hoses throughout the United States including Iowa, creates a likelihood of confusion, deception, or mistake among consumers as to the source and association between Plaintiff and Defendant.

39. Defendant is intentionally and willfully using Plaintiff's marks in an attempt to capitalize on the quality of Plaintiff's products and Plaintiff's goodwill.

40. Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with

Plaintiff's trademarks, and injury to Plaintiff's business in lost revenue associated with sales or distribution of its chartreuse colored compressed air hoses.

41. The actions of Defendants, if not enjoined, will continue.

## COUNT IV
## Iowa Unfair Competition

42. Plaintiff realleges and incorporates herein by this reference the allegations of all paragraphs set forth above as though fully set forth herein.

43. Plaintiff has a right, by fair and honest business methods, to compete with Defendant.

44. Defendant has engaged in acts of infringement of Plaintiff's chartreuse colored compressed air hose products, in derogation of Plaintiff's common law and statutory rights.

45. Defendant's act of infringement occurred during the conduct of trade or commerce.

46. Defendant's act of infringement constitutes unfair competition.

47. As a direct and proximate result of Defendant's acts of infringement, Plaintiff has been damaged and is likely to be further damaged, specifically through the loss of revenue associated with sales or distribution of its chartreuse colored compressed air hose products.

48. The actions of Defendant are willful and wanton and in reckless disregard of the rights of Plaintiff entitling Plaintiff to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, in consideration of the foregoing, Plaintiff respectfully requests that this Court enter an Order granting it the following relief:

a) Enter a judgment that Plaintiff's chartreuse colored compressed air hose products has been and continues to be infringed by Defendant in violation of 15 U.S.C § 1125(a);

b) Enter a judgment that Defendant's use of its chartreuse colored compressed air hose products constitutes federal unfair competition in violation of 15 U.S.C. § 1125(a);

c) Enter a judgment that Defendant's use of its chartreuse colored compressed air hose products violates Plaintiff's Supplemental Register, Registration No. 3,765,628;

d) Enter a judgment that Defendant's use of its chartreuse colored compressed air hose products constitutes unfair competition in violation of Iowa law;

e) Temporarily and permanently enjoin and restrain Defendant and each of its agents, employees, officers, attorneys, successors, assigns, affiliates, and any persons in privity or acting in concert or participation with any of them from using chartreuse colored compressed air hose products to market, advertise, distribute or identify Defendant's products or goods where that designation would create a likelihood of confusion, mistake or deception with Plaintiff's marks;

f) Pursuant to 15 U.S.C. § 1116(a), direct Defendant to file with the Court and serve on Plaintiff within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

g) Pursuant to 15 U.S.C. § 1118, require Defendant and all others acting under Defendant's authority, at their cost, be required to deliver up and destroy all devices, literature, advertising, labels and other materials in their possession bearing the infringing chartreuse colored compressed air hose products;

h) Award Plaintiff all damages it sustained as a result of Defendant's acts of infringement and unfair competition, said amount to be trebled, together with prejudgment interest, pursuant to 15 U.S.C. § 1117;

i) Award Plaintiff all profits received by Defendant from sales and revenues of any kind made as a result of its infringing actions, said amount to be trebled, after an accounting pursuant to 15 U.S.C. § 1117;

j) Award treble actual damages and profits pursuant to 15 U.S.C. § 1117(b) because Defendant's conduct was willful within the meaning of the Lanham Act;

k) Award Plaintiff its attorney fees and costs pursuant to 15 U.S.C. § 1117, because of the exceptional nature of this case resulting from Defendant's deliberate infringing actions; and

l) Grant Plaintiff such other and further relief as the Court may deem just and necessary under the circumstances.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 1st day of May 2015.

                BRICK GENTRY P.C.

By:   */s/ Brian J. Laurenzo*
      BRIAN J. LAURENZO, # 6197605
      STEVEN P. BRICK, Iowa AT0001084
      MATT O'HOLLEARN, Iowa AT0010122
      6701 Westown Parkway, Suite 100
      West Des Moines, IA 50266
      Telephone: (515) 274-1450
      Fax: (515) 274-1488
      Email: brian.laurenzo@brickgentrylaw.com
      Email: steve.brick@brickgentrylaw.com
      Email: matt.ohollearn@brickgentrylaw.com
      ATTORNEYS FOR PLAINTIFF

Electronically filed.